Yolanda CID–GARCIA, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–74747.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 22, 2005.

Jesse G. Cantor, Esq., Rios Cantor, PS, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA; WWS–District Counsel, Immigration and Naturalization Service, Seattle, WA; and John C. Cunningham, Esq., and Edward C. Durant, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM ***

Yolanda Cid–Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of her application for cancellation of removal. We vacate and remand.

The IJ denied cancellation on the grounds that Cid–Garcia failed to establish continuous physical presence, good moral character, and the requisite hardship, and the BIA summarily affirmed.

We have jurisdiction to review whether an alien has met the continuous physical presence requirement, *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 853 (9th Cir.2003) and whether an alien is categorically ineligible for a finding of good moral character, *Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003), but we do not have jurisdiction to review whether an alien has satisfied the hardship requirement, which rests in the discretion of the agency, 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres*, 327 F.3d at 890–91.

Because the BIA affirmed without opinion, we have no way of knowing on which ground or grounds the BIA affirmed, and in turn whether we have jurisdiction to review the BIA's decision. *See Lanza v. Ashcroft*, 389 F.3d 917, 919 (9th Cir.2004). Accordingly, we vacate the BIA's decision and remand with instructions to clarify the grounds for its affirmance of the IJ's deni-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

al of the application for cancellation of removal. *See id.* at 932.

VACATED and REMANDED.